UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY SMITH,

        Petitioner,                      Case No. 07-14762
                                                      Honorable David M. Lawson

v.

BARRY DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Danny Smith, presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition's sole claim is that the trial court violated the petitioner's right to due process by admitting into evidence the victim's pre-trial and in-court identification of the petitioner. The court found that the petitioner's claim did not establish that he was in custody in violation of the Constitution or laws of the United States, and therefore denied his petition for writ of habeas corpus.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court denied the petitioner's claim on the ground that the photographic lineup challenged by him was not unduly suggestive, and even if it was, the victim's identification of the defendant was reliable independent of the suggestive identification procedure.  The Court finds that its resolution of the petitioner's claim would not be debatable among reasonable jurists.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** on all grounds raised by the petitioner.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated:   March 31, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2011.

                            s/Deborah R. Tofil
                            DEBORAH R. TOFIL